IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW BOODOO | : |
| | : |
| Plaintiff, | : CASE NO. 2:24-CV-00451 WSH |
| | : |
| v. | : |
| | : |
| ON-SITE COMPANIONSHIP | : |
| SERVICES, INC.; and DR. DERRICK | : |
| POLLOCK, | : |
| | : |
| Defendants | : |
| | : |

## **ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT**

AND NOW, come the Defendants, On-Site Companionship Services, Inc. and Dr. Derrick Pollock (collectively, the "Defendants"), by and through their attorneys, James T. Tallman and Elliott & Davis, PC, and respectfully file the within Answer and Affirmative Defenses to Third Amended Complaint, and avers, as follows:

1.    After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 1 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

2.    Admitted.

3. Admitted in part, denied in part. It is admitted that Dr. Derrick Pollock is an adult individual. It is denied that he resides in Allegheny County.

## JURISDICTION AND VENUE

4. Admitted in part, denied in part. It is denied that Plaintiff brings this lawsuit under the FCA per the Third Amended Complaint, which does not contain any claim under the FCA. The remaining averments are admitted only so far as to that fact that claims under such statutes and common law are in the Third Amended Complaint. It is denied that such claims are properly pled or that any statute or the common law was violated by Defendants. Further, The averments of paragraph 4 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied. It is further denied that the Court has jurisdiction over Dr. Pollock as an individual for the claims asserted.

5. It is admitted that Defendant OCS conducts business in Allegheny County. It is denied that Dr. Pollock conducts business as an individual but only through his employment with OCS. In further response, the averments of paragraph 5 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

6. After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 6 of Plaintiff's Third Amended Complaint, as to Boodoo's residence and domicile. In further response, the remaining averments of paragraph 6

are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

7. The averments of paragraph 7 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

8. After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 8 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial. In further response, the averments of paragraph 8 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

## FACTUAL ALLEGATIONS

9. Denied, as stated. Andrew Boodoo's employee onboarding with OCS began on November 29, 2022, and he started with the position and title of "Direct Care Staff."

10. Denied, as stated. It is denied that OCS is a "health care and social assistance service", which is an undefined and unknown phrase. Further, it is specifically denied that OCS is a health care provider. It is admitted that OCS provides residential services for adults. It is admitted that Plaintiff quotes from OCS's Linkedin page.

11.    Denied as stated. OCS is licensed through the Pa. DHS ODP program.

12.    Admitted.

13.    Admitted.

14.    Denied as stated. It is admitted that at certain times during Mr. Boodoo's employment with OCS, OCS utilized MITC and CREW for certain aspects of OCS's business including timekeeping but not for billing any governmental entity.

15.    Admitted.

16.    It is denied that Mr. Boodoo held the position of "Site Supervisor." The remaining characterization of Mr. Boodoo's job duties for OCS is denied.

17.    Denied as stated. It is admitted that Mr. Boodoo received the Employee of the Month award in March 2023. The remaining averments are denied.

18.    After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 18 of Plaintiff's Third Amended Complaint as the averments are vague and ambiguous and it is unclear as to what Plaintiff refers. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

19.     Denied as stated. It is admitted that Plaintiff communicated with Olexus Sherwood about scheduling in or around the summer of 2023. The remaining averments are denied.

20.     Denied.

21.     Denied as stated. It is denied the Dr. Pollock is an owner of OCS. It is admitted that Plaintiff communicated with Dr. Pollock about scheduling concerns of Plaintiff. The remaining averments are denied and it is denied that any communication by Boodoo regarding scheduling compelled or required Defendants to take any action. In further response, the averments of paragraph 21 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

22.     Denied. In further response, such report was never made by Plaintiff to Dr. Pollock.

23.     The averments of paragraph 23 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as the alleged events and communications regarding Plaintiff's report regarding Sam Blair did not occur and no report to respond to.

24.     Denied as stated. It is admitted that Plaintiff was scheduled to work an overnight shift at M.L.'s residence. It is denied that Plaintiff performed his duties in accordance with OCS rules and protocols.

25.    The averments of paragraph 25 refer to a written document that is not attached and that is the best evidence thereof and that speaks for itself and any summary, characterization, or paraphrasing of the document is denied. Further, there was a written protocol to be followed when alone time was requested and the remaining averments are denied as stated.

26.    Denied.

27.    After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 27 of Plaintiff's Third Amended Complaint as the averments are vague and ambiguous and it is unclear as to what Plaintiff refers. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

28.    After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 28 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

29.    The averments of paragraph 29 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied. In further response, after reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 29 of Plaintiff's Third Amended Complaint.

Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

30. After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 30 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

31. Admitted in part, denied in part. It is admitted that Jamar Jackson called Plaintiff that night. The remaining averments are denied.

32. It is admitted that Jamar Jackson and Plaintiff passed each other as Plaintiff was heading in the direction of M.L.'s home. As for the remaining averments, after reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 32 of Plaintiff's Third Amended Complaint.

33. It is denied that Jamar Jackson locked Plaintiff out of M.L.'s residence. As for the remaining averments, after reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 33 of Plaintiff's Third Amended Complaint.

34. It is admitted that Plaintiff was reprimanded in writing. As for the remainder of the allegations, the averments refer to a written document that is not attached and that is the best evidence thereof and that speaks for itself and any summary, characterization, or paraphrasing of the document is denied.

35.     To the extent the averments of paragraph 35 refer to a written document that is not attached and that is the best evidence thereof and that is the best evidence thereof and that speaks for itself and any summary, characterization, or paraphrasing of the document is denied. To the extent the averments of paragraph 35 refer to some other response by Plaintiff, after reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 35 of Plaintiff's Third Amended Complaint.

36.     To the extent the averments of paragraph 36 refer to a written document that is not attached and that is the best evidence thereof and that is the best evidence thereof and that speaks for itself and any summary, characterization, or paraphrasing of the document is denied. To the extent the averments of paragraph 36 refer to some other response by Plaintiff, after reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 36 of Plaintiff's Third Amended Complaint.

37.     To the extent the averments of paragraph 37 refer to a written document that is not attached and that is the best evidence thereof and that is the best evidence thereof and that speaks for itself and any summary, characterization, or paraphrasing of the document is denied. To the extent the averments of paragraph 37 refer to some other response by Plaintiff, after reasonable investigation, the Defendants are without sufficient information or

knowledge to either admit or deny the averments of paragraph 37 of Plaintiff's Third Amended Complaint.

38.    It is admitted that Plaintiff refused to sign the write-up. The remaining averments are denied.

39.    The averments of paragraph 39 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied. It is denied that Defendants were required to take corrective action based on Plaintiff's statements.

40.    It is admitted that Dr. Pollock met with Plaintiff regarding write up and that the write up was not retracted. It is denied that Plaintiff acted in accordance with protocol and ISP.

41.    After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 41 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

42.    After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 42 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

43.    After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of

paragraph 43 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

44.     After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 44 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

45.     After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 45 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

46.     After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 46 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

47.     After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 47 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

48.     After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 48 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial. In

further response it is denied that Plaintiff reported allegations of abuse and neglect.

49. After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 49 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial. In further response it is denied that Plaintiff reported allegations of abuse and neglect.

50. It is denied that Defendants had any knowledge of Plaintiff's alleged external reports. It is denied that any discipline or that Plaintiff's termination was a result of such alleged external reports. Further, Defendants do not acknowledge or admit that such external reports were, in fact, made by Plaintiff.

51. Denied.

52. After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 52 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

53. After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 53 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

54. After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 54 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

55. It is denied that Plaintiff made such a report to Dr. Pollock about Jamar Jackson. In further response, the averments of paragraph 55 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied and it is denied that Defendants were required to take corrective action based on Plaintiff's statements to Dr. Pollock.

56. Denied as stated. It is admitted that Plaintiff was to work an overnight sift on September 23, 2023 and that Tristan Pierce had worked the shift before Plaintiff.

57. Denied.

58. The averments of paragraph 58 refer to a written document that is not attached and that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of the document is denied. It is however admitted that Plaintiff was terminated.

59. The averments of paragraph 59 refer to a written document that is not attached and that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of the document is denied.

60.    The averments of paragraph 60 refer to a written document that is not attached and that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of the document is denied. In further response, it is denied that the security cameras were not operational.

61.    The averments of paragraph 61 refer to a written document that is not attached and that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of the document is denied.

62.    It is admitted that OCS paid Plaintiff for his scheduled shift on September 23, 2023. In further response, the averments of paragraph 62 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied. Further, it denied that any Defendant fabricated allegations against Plaintiff in retaliation for alleged reports by Plaintiff.

63.    The averments of paragraph 63 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied and it is denied that the "participation theory" applies here.

64.    The averments of paragraph 64 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied and it is denied that the "participation theory" applies here.

65.     The averments of paragraph 65 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied and it is denied that the "participation theory" applies here.

66.     Denied.

67.     The averments of paragraph 67 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied and it is denied that the "participation theory" applies here.

## COUNT I

68.     No response is required to Paragraph 68. Defendants incorporate by reference all preceding paragraphs of this pleading as if set forth in full here.

69.     The averments of paragraph 69 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

70.     The averments of paragraph 70 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best

evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

71.     The averments of paragraph 71 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

72.     The averments of paragraph 72 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

73.     The averments of paragraph 73 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

74.     The averments of paragraph 74 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

75.     The averments of paragraph 75 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

76.     The averments of paragraph 76 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

77.     The averments of paragraph 77 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or

paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

78. The averments of paragraph 78 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

79. The averments of paragraph 79 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

80. After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 80 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

81. After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 81 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

82.   Admitted.

83.   Denied.

84.   Denied.

85.   Denied.

86.   The averments of paragraph 86 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

87.   The averments of paragraph 87 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

88.   The averments of paragraph 88 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

WHEREFORE, Defendants On-Site Companionship Services, Inc. and Dr. Derrick Pollock respectfully request that this Honorable Court deny all of Plaintiff's claims and requested relief and enter judgment in favor of all Defendants.

## COUNT II

100.  [The paragraph numbering of the 3d Am Compl. skips from 88 to 100]. No response is required to Paragraph 100. Defendants incorporate by reference all preceding paragraphs of this pleading as if set forth in full here.

101.  The averments of paragraph 101 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

102.  The averments of paragraph 102 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

103.  The averments of paragraph 103 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

104.  The averments of paragraph 104 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or

paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

105.  The averments of paragraph 105 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

106.  The averments of paragraph 106 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

107.  The averments of paragraph 107 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

108.  The averments of paragraph 108 are legal conclusions to which no response is required. To the extent that any response is deemed necessary

the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

109.   The averments of paragraph 109 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

110.   The averments of paragraph 110 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

89.     [The paragraph numbering of the 3d Am Compl. goes from 110 to 89]. The averments of paragraph 89 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or

paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

90.     After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 90 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

91.     After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 91 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

92.     Denied.

93.     Denied.

94.     The averments of paragraph 94 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied..

95.     The averments of paragraph 95 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

96.     The averments of paragraph 96 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied. In further response, it is denied that Defendants

were required to take any action "to implement a plan of supervision" of any of its employees based on alleged reports by Plaintiff of alleged abuse.

97.    The averments of paragraph 97 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

98.    The averments of paragraph 98 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

WHEREFORE, Defendants On-Site Companionship Services, Inc. and Dr. Derrick Pollock respectfully request that this Honorable Court deny all of Plaintiff's claims and requested relief and enter judgment in favor of all Defendants.

## **COUNT III**

174.    [The paragraph numbering of the 3d Am Compl. goes from 98 to 174]. No response is required to Paragraph 174. Defendants incorporate by reference all preceding paragraphs of this pleading as if set forth in full here.

175.    The averments of paragraph 175 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

176. The averments of paragraph 176 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

177. The averments of paragraph 177 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

178. The averments of paragraph 178 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

179. The averments of paragraph 179 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or

paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

180.    The averments of paragraph 180 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

181.    The averments of paragraph 181 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

182.    The averments of paragraph 182 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

183.    Denied as stated. It is admitted that OCS receives government funding for the services it provides. The remaining averments are denied.

184.    Denied.

185.    After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 185 of Plaintiff's Third Amended Complaint as it is unclear to whom such alleged report was made. Therefore, such averments are denied and strict proof thereof is demanded at time of trial. It is denied that any such reports were made to the Defendants.

186.    After reasonable investigation, the Defendants are without sufficient information or knowledge to either admit or deny the averments of paragraph 186 of Plaintiff's Third Amended Complaint. Therefore, such averments are denied and strict proof thereof is demanded at time of trial.

187.    The averments of paragraph 187 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

188.    The averments of paragraph 188 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

189.    The averments of paragraph 189 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

WHEREFORE, Defendants On-Site Companionship Services, Inc. and Dr. Derrick Pollock respectfully request that this Honorable Court deny all of

Plaintiff's claims and requested relief and enter judgment in favor of all Defendants.

## **COUNT IV**

115.  [The paragraph numbering of the 3d Am Compl. goes from 189 to 115]. Defendants incorporate by reference all preceding paragraphs of this pleading as if set forth in full here. The averments of paragraph 115 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to alleged principles of common law and any summary, characterization, or paraphrasing of such common law is denied. In further response, it is denied that such common law was violated by Defendants.

116.    The averments of paragraph 116 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to alleged principles of common law and any summary, characterization, or paraphrasing of such common law is denied. In further response, it is denied that such common law was violated by Defendants.

117.    The averments of paragraph 117 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to alleged principles of common law and any summary, characterization, or paraphrasing of such common law is denied. In further response, it is denied that such common law was violated

by Defendants.

118.	The averments of paragraph 118 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to alleged principles of common law and any summary, characterization, or paraphrasing of such common law is denied. In further response, it is denied that such common law was violated by Defendants.

119.	The averments of paragraph 119 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

120.	Denied as stated. It is denied that Defendant is licensed pursuant to the Health Care Facilities Act, 35 Pa. Stat. § 448.101 et seq., as implemented by 28 Pa. Code § 611.1 et seq.

121.	The averments of paragraph 121 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

122.	The averments of paragraph 122 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best

evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

123. The averments of paragraph 123 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

124. The averments of paragraph 124 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

125. The averments of paragraph 125 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied. In further response, it is denied that such statute applies here or was violated by Defendants. It further denied that any such reports were made to the Defendants.

126. The averments of paragraph 126 are legal conclusions to which no response is required. To the extent that any response is deemed necessary

the averments are denied as they refer to a written statutes that are the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statutes apply here or were violated by Defendants.

127. The averments of paragraph 127 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

128. The averments of paragraph 128 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

129. The averments of paragraph 129 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

130. Denied.

131. The averments of paragraph 131 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

132. The averments of paragraph 132 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

133. The averments of paragraph 133 are legal conclusions to which no response is required. To the extent that any response is deemed necessary

the averments are denied.

134. The averments of paragraph 134 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

WHEREFORE, Defendants On-Site Companionship Services, Inc. and Dr. Derrick Pollock respectfully request that this Honorable Court deny all of Plaintiff's claims and requested relief and enter judgment in favor of all Defendants.

## **COUNT V**

135. No response is required. Defendants incorporate by reference all preceding paragraphs of this pleading as if set forth in full here.

136. The averments of paragraph 136 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

137. The averments of paragraph 137 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute and case law that is the best evidence thereof and speaks for itself and any summary,

characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

138.    The averments of paragraph 138 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute and case law that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

139.  The averments of paragraph 139 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied as they refer to a written statute and case law that is the best evidence thereof and speaks for itself and any summary, characterization, or paraphrasing of such statute is denied. In further response, it is denied that such statute applies here or was violated by Defendants.

140.  Denied. In further response, the averments of paragraph 140 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

141.  The averments of paragraph 141 are legal conclusions to which no response is required. To the extent that any response is deemed necessary

the averments are denied.

142. The averments of paragraph 142 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied. Further, it is denied that the alleged reports were made necessitating an action by Defendants.

143. Admitted in part, denied in part. It is admitted that Mr. Boodoo was terminated on September 26, 2024. It is denied that the termination followed the alleged reports by Plaintiff.

144. The averments of paragraph 144 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

145. The averments of paragraph 145 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

146. The averments of paragraph 146 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

147. The averments of paragraph 147 are legal conclusions to which no response is required. To the extent that any response is deemed necessary the averments are denied.

148. The averments of paragraph 148 are legal conclusions to which no response is required. To the extent that any response is deemed necessary

the averments are denied.

WHEREFORE, Defendants On-Site Companionship Services, Inc. and Dr. Derrick Pollock respectfully request that this Honorable Court deny all of Plaintiff's claims and requested relief and enter judgment in favor of all Defendants.

## AFFIRMATIVE DEFENSES

Defendants raise the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Third Amended Complaint fails to state claims against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Court's lack of personal jurisdiction over Dr. Derrick Pollock.

## THIRD AFFIRMATIVE DEFENSE

To the extent discovery may reveal, Plaintiffs' claims are barred by his own bad faith.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert the defense of Plaintiff's failure to comply with EEOC prerequisites and exhaust administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

To the extent discovery may reveal, Defendants assert the defense of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

To the extent discovery may reveal, Defendants assert the defense of Plaintiff's unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent discovery may reveal, Defendants assert the defense of Plaintiffs' fraud.

## NINTH AFFIRMATIVE DEFENSE

To the extent discovery may reveal, Defendants assert the defense of Plaintiffs' waiver.

WHEREFORE, Defendants On-Site Companionship Services, Inc. and Dr. Derrick Pollock respectfully request that this Honorable Court deny all of Plaintiff's claims and requested relief and enter judgment in favor of all Defendants.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

**ELLIOTT & DAVIS, PC**

By  _/s/James T. Tallman_____
   James T. Tallman, Esq.
   Attorneys for Defendants
   6101 Penn Ave., Suite 201
   Pittsburgh, PA 15206
   (412) 326-0470 – Telephone

(412) 446-2139 – Facsimile

Dated: September 6, 2024